**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JAMES ROBERT ROWSEY # 34459**                                    **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 1:16cv302-HSO-RHW**

**EARNEST LEE**                                    **RESPONDENT**

**REPORT AND RECOMMENDATION**

Before the Court is [1] Petitioner James Robert Rowsey's August 15, 2016 petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. Respondent Earnest Lee, Superintendent of the Mississippi State Penitentiary at Parchman, timely filed his response to the petition along with the State Court Record. [15], [12] Upon review and consideration of the pleadings, the records on file, and relevant legal authority, the undersigned is of the opinion that the petition for federal habeas relief should be denied and the petition, dismissed.

Facts and Procedural History

Since 1996 James Robert Rowsey has been in custody of the Mississippi Department of Corrections (MDOC) serving a life sentence for a 1995 conviction of murder from Panola County, Mississippi. On January 28, 2010, while he was housed at South Mississippi Correctional Institution in Greene County, Mississippi, Rowsey had words with fellow inmate Fate Santee. A short time later, while Santee was sleeping, Rowsey heated water in the microwave and threw it on Santee's face and head, causing serious injuries. Santee was first treated at the prison infirmary, then sent to a local hospital, and ultimately transferred to a burn center for treatment including skin grafts, a tracheotomy, and insertion of a feeding tube. Santee has several scars from the incident. [12-7, pp. 79-92]

On February 22, 2011, Rowsey was indicted for aggravated assault on Santee. [12-1, p. 18] Rowsey was appointed counsel and waived arraignment on the charge as reflected in state court orders signed May 16, 2011, and filed on May 17, 2011. [12-1, pp. 46-47] Rowsey was tried in Greene County Circuit Court February 24-25, 2014. The jury heard the above testimony from Santee and Officer Nakia Anderson, who witnessed the incident and testified he saw Santee's face immediately blistering up. [12-7, pp. 73-77, 97-100] Dr. Charmaine McCleave treated Santee at the prison infirmary for what she later described as the most severe burn she has treated since she came to work at the prison in 2006. She had Santee transferred to Greene County Hospital, and from there he was transferred to the burn center where he remained "a good long time" (two to three months according to Santee), and underwent intubation, a tracheostomy, insertion of a feeding tube, burn care and skin grafts on his face, throat and shoulder. Dr. McCleave noted his records indicated Santee had swelling and blisters about the mouth and lips, that burns manifested on the back of his uvula and his trachea, and at one point neither Santee nor the doctor could open Santee's eyes. Dr. McCleave testified there was a good possibility Santee could have died from his injuries. Upon discharge from the burn center, Santee was sent to the hospital facility at Parchman penitentiary. [12-7, pp. 108-126]

MDOC investigator Matt Reynolds investigated the incident at SMCI and noted all the statements he took indicated Santee was lying on his rack when Rowsey came and threw the hot water in his face. Rowsey told Reynolds about verbal altercations Santee had with Rowsey's bunkmate, Jerry Roach, and with Rowsey himself about an hour before he threw the microwaved water on Santee. [12-7, pp. 127-134] Rowsey gave similar testimony at trial, stating he thought Santee's "gang brothers"[1] were going to come for Rowsey, and realizing that he could

---

1 Rowsey testified he knew Santee was a gang member because "they called him 'cuz,'" as the Crips refer to themselves; then he later heard Santee was a Vice Lord instead. [12-8, p. 9]

not "go toe-to-toe with [Santee]," he filled his own cup and one he had borrowed with hot water from the bathroom, took them to the microwave to heat it further, and came back and dumped it on Santee. Rowsey said nothing to Santee before pouring the water on him; Rowsey testified he was "looking for a competitive edge," and wanted to "catch [Santee] while he's asleep." [12-7, pp. 142-153] The jury found Rowsey guilty of aggravated assault, and the trial court sentenced him to serve ten years to run consecutively to the life sentence he was already serving for murder. [12-6, p. 81], [12-8, p. 78-79],

Rowsey appealed, represented by different counsel.[2] Through counsel, Rowsey urged his case should have been dismissed for violation of the right to a speedy trial guaranteed by the constitutions of the United States and the state of Mississippi, and because he was not tried within 270 days after arraignment as required by Mississippi statute.[3] In *pro se* pleadings, Rowsey additionally claimed his trial counsel was ineffective, had a conflict of interest, and forced him to testify at trial; that the trial court erroneously sanctioned Rowsey for some of his *pro se* filings; and the appeal record was incomplete or tainted. The Mississippi Supreme Court addressed each of the claimed errors on the merits and affirmed the conviction and sentence on December 3, 2015. *Rowsey v. State*, 188 So. 3d 486 (Miss. 2015) *reh'g denied*, Feb. 25, 2016.

---

2 Rowsey was twice appointed counsel in the trial court. Brandy Hambright, appointed May 16, 2011, had Rowsey sign a waiver of arraignment. Starting the next day, Rowsey filed documents with the trial court, the Mississippi Bar, and the Mississippi Ethics Commission complaining Hambright violated his rights and was working to have him convicted. [12-1, pp. 50-58] Hambright moved to withdraw as counsel June 6, 2011. [12-1, 59-61] The court granted her motion July 22, 2011, and appointed David Futch who represented Rowsey through trial. [12-1, p. 88] The Supreme Court allowed Futch to withdraw July 29, 2014, substituting Mollie McMillin of the Indigent Division of the Mississippi Office of State Public Defender as appellate counsel. By March 10, 2015, Rowsey sought to dismiss McMillin and have new counsel appointed, which the Supreme Court denied. [12-10, pp. 94-101]

3"*Unless good cause be shown, and a continuance duly granted by the court*, all offenses for which indictments are presented to the court shall be tried no later than ... 270 days after the accused has been arraigned." Miss. Code Ann. § 99-17-1. (emphasis added)

Rowsey filed application for leave to file a post-conviction motion in the trial court on March 31, 2016, stating as issues:

1. Manifold procedural violations described as lack of an initial appearance, and failure to arraign him within 30 days of service of the indictment on the aggravated assault charge as required by Mississippi court rules.

2. Abandonment by his court appointed counsel when Rowsey tried to bring up matters on his own for consideration by the trial court and the judge advised him to "have your lawyer do that."

3. Continuances granted by the trial court in violation of Miss. Code Ann. § 99-15-29.

4. Ineffective assistance of trial counsel for inadequately questioning/challenging the testimony of Santee, Dr. McCleave, and Jerry Roach.[4]

5. Improper sentence which should not be mandatory.

Rowsey also filed motions seeking a "full docket" in his case, and to be allowed to keep all his legal work in his possession.[5] On June 8, 2016, the Mississippi Supreme Court denied the post-conviction application and motions, finding Rowsey's claims were either waived, barred by *res judicata* or failed to present a substantial showing of denial of a state or federal right. [15-2], [12-11, p. 15] Rowsey later submitted more post-conviction issues, claiming (1) denial of due process, equal protection and meaningful appeal because his direct appeal was decided by the Mississippi Supreme Court without first being considered by the Court of Appeals; (2) denial of due process and speedy trial; and (3) asserting he has been prejudiced by not being allowed to keep all his legal materials in his possession. [12-11, pp. 23-43] On October 13, 2016, the Supreme Court denied this second post-conviction application, holding the first claim barred as a successive writ; the second claim barred as a successive writ, and by *res judicata* and/or waiver,

---

4  Roach did not testify at trial.

5  MDOC regulations allow inmates to keep only six inches of paperwork in their cells, the remainder is placed in storage; an inmate can swap documents in his possession for those held in storage as needed.

and as having no arguable basis to warrant waiving the bars should any exception apply; and the third claim because it "is not one for post-conviction relief." [15-3]

In the habeas petition filed in this Court on August 15, 2016, Rowsey raises these grounds for relief:

> Ground One.   Procedural due process rights were grossly violated by the trial court, including speedy trial. –16 May 2011: Questioned by judge in open court before appointing counsel.[6]
>
> Ground Two.   Grossly incomplete records and transcript.   These were sent to Rowsey by Miss. Supreme Court for Supplemental Brief…
>
> Ground Three.   Courts have picked and choosed; twisted and demean (*sic*); unfairly, Rowsey's legitimate issues into whatever suits them to abuse Rowsey and his submissions.
>
> Ground Four.   The "victim" is reported as having minor injuries, air-ways clear – no serious condition.   Suddenly "victim" is nearly dead!   Could expert testimony by felon prison doctor be false?

[1, pp. 5-11]   He checks "yes" with respect to whether all grounds for relief have been presented to the highest state court, then adds, "Mississippi doesn't have legitimate state government."   [1, p. 12]   Respondent concedes the issues Rowsey presents were reviewed by the Mississippi Supreme Court and found to have no merit.

<u>Law and Analysis</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241, *et seq.* controls the scope of federal habeas review of claims by persons under state court convictions and sentences.   As stated in 28 U.S.C. § 2254:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or involved an

---

[6] Rowsey stated the Judge asked him if he had been served with the indictment.   [12-1, p. 56]

>> unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)(1)   In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.   The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The reviewing court defers to, and presumes the correctness of the state court's factual findings; Petitioner bears the burden to prove otherwise by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007); 28 U.S.C. § 2254(e)(1); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Subsection (d)(1) applies to questions of law and mixed questions of fact and law such as those presented in the instant case.  *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999), *reh'g denied* April 28, 2000.   Habeas relief is not available unless this Court finds the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law to the facts.   Clearly established Federal law is that which exists at the time of the last state court decision on the merits of the claim.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Greene v. Fisher*, 565 U.S. 34, 40 (2011).   A state court decision is contrary to federal law if it applies a rule different from the governing law set forth in United States Supreme Court decisions or if it reflects a conclusion opposite to one reached by the Supreme Court on a set of materially indistinguishable facts.  *William*s, 529 U.S. at 407-412; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision unreasonably applies federal law if it correctly identifies the governing law but applies it unreasonably to the facts of the case; this must be an objectively unreasonable application of federal law, not merely an erroneous or incorrect application.  *Williams*, 529 U.S.

at 407-408.  *See also Ramdass v. Angelone*, 530 U.S. 156, 157 (2000); *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008); *Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000); As the Court stated in *Schriro v. Landrigan*, 550 U.S. at 473–74, the question under AEDPA "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold...."  *See also Renico v. Lett*, 559 U.S. 766, 773 (2010).

    Rowsey's primary complaint before this court is that he was denied a speedy trial, an issue which was thoroughly examined by the state court and found without merit on direct appeal and held barred by *res judicata* on his post-conviction application.  Rowsey was indicted February 22, 2011.  At the time of his May 16, 2011 waiver of arraignment, the case was set for trial on August 8, 2011.  [12-1, p. 48-9]  The record shows Rowsey's case was continued numerous times before he was tried in February 2014.  Due to Rowsey's complaints, his first court-appointed attorney was allowed to withdraw and new counsel was appointed by order entered July 26, 2011, some two weeks before trial was to begin.  The parties submitted an agreed order of continuance August 8, 2011 due to "additional time needed/Defendant not transported."  The case was continued to alternative dates of September 29, 2011/November 28, 2011.  [12-1, pp. 88-90]  On September 27, 2011, the defense moved to continue the case to the later date to allow for trial preparation and because counsel had a trial set in another court; the trial judge ordered that Rowsey be transported for court November 28, 2011.  [12-1, pp. 108-111]  On November 28, 2011, the court ordered the matter continued on motion of the State to February 21, 2012, stating, "…all periods of time caused by this continuance shall be tolled for purposes of constitutional and statutory speedy trial."  [12-2, p. 5]  This language is repeated in the February 21, 2012 order granting the parties' request to re-set the matter for trial to May 14, 2012, and in the May 14, 2012 order granting the parties' motion to re-set the case and re-setting

the matter for status conference on August 27, 2012. [12-2, pp. 90, 137] In the meantime, Defendant moved for a mental evaluation of Rowsey at Mississippi State Hospital at Whitfield, which the trial court granted by order entered June 5, 2012. [12-2, pp. 146-149]

On August 27, 2012, the court continued the case at the behest of the defense due to due to unavailability of defense counsel and the case was re-set to November 19, 2012. The order states that "the Defendant waives his speedy trial rights, both statutory and constitutional." [12-3, p. 100] On November 19, 2012, the court entered the parties' agreed order continuing the case to February 11, 2013 for trial. [12-3, p. 120] On February 13, 2013, the court entered the parties' agreed order continuing the case because the mental examination of Defendant was still pending, and re-setting the case to May 28, 2013. In April 2013, because of the backlog at the Mississippi State Hospital, the court granted Defendant's motion to have the mental examination done by Dr. Criss Lott in Ridgeland, Mississippi. [12-4, pp. 71-74] By agreed order, the matter was again continued on May 28, 2013 to June 27, 2013 for motions and August 19, 2013 for trial. [12-4, pp. 67, 76, 82] On August 19, 2013, the court entered the parties agreed order of continuance to November 12, 2013 because the mental evaluation had just been completed the week before. [12-5, p. 75], [12-6, pp. 12-33] The final continuance was by agreed order because members of the jury pool saw Rowsey brought into the courthouse in his prison jumpsuit, shackles and chains on November 12, 2013; the trial was re-set for February 24, 2014. [12-5, p. 107]

The vast majority of continuances in Rowsey's case were by agreement of the parties; only two continuances were granted at the request of the State alone and those two account for just 167 days (November 28, 2011 to May 14, 2012) delay after the original trial setting. On direct appeal, the state court applied the correct law, analyzing the speedy trial issue under the four-factor test set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), which balances: (1) the

length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant.

Although the state court found the 1099-day delay between indictment and trial presumptively prejudicial, it stated it could not weigh the second factor, the reason for the delay, against the State because "it is clear that the lion's share of the delay … was attributable to Rowsey's unwarranted harassment of his original trial counsel and the substantial amount of time it took to schedule a mental evaluation to prepare Rowsey's defense."[7]  *Rowsey v. State*, 188 So.3d at 495.  The state court acknowledged that Rowsey asserted his right to a speedy trial through counsel, and moved *pro se* for dismissal of the case on several occasions, but noted he was simultaneously agreeing to continuances and seeking continuances to accommodate his request for mental examination.  A motion for dismissal is not evidence that a defendant wants to be tried promptly.  *U.S. v. Frye*, 489 F.3d 201, 211-212 (5th Cir. 2007).  The record indicates Rowsey's case is akin to the situation addressed by the Supreme Court in *Barker*, 407 U.S. at 534-535, "More important than the absence of serious prejudice is the fact that Barker did not want a speedy trial… Instead the record strongly suggests that while he hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried."  *See also*, Cowart v. Hargett, 16 F.3d 642, 647 (5th Cir. 1994), *cert. denied* 513 U.S. 227 (1994).

The right to speedy trial seeks to protect an accused from oppressive pretrial incarceration, to minimize the accused's anxiety/concern, and to limit the possibility that the defense will be impaired.  *Barker*, 407 U.S. 532.  The state court found Rowsey failed to

---

7 It appears that 112 days are fairly attributable to Rowsey's problems with his first appointed counsel (8/8/2011-11/28/2011), and that over 500 days are attributable to problems in securing the mental examination ordered June 12, 2012 which was not completed until August 2013, and resulted in the continuance to November 12, 2013.

establish he was prejudiced by the delay in his trial date since his incarceration was unrelated to the aggravated assault charge as he was serving a life sentence for murder; he admitted at trial that he assaulted Santee, but claimed he acted in self-defense; there was not much concern about fading memories or dissipating evidence; and Rowsey's attorney needed the continuances to prepare his defense – a speedier trial would have deprived him of the results of the mental examination, and would have been to the detriment of the defense. *Rowsey v. State*, 188 So.3d at 496. The undersigned finds the record demonstrates neither evidence of bad faith on the part of the State in the delay of Rowsey's trial, nor any actual prejudice to Rowsey's presentation of his defense. The undersigned finds the state court's decision that there was no violation of Rowsey's constitutional right to a speedy trial was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law, thus federal habeas relief is not warranted under Ground One.

In Ground Two Rowsey complains he did not have access to the records/transcripts needed to prepare his appellate filings. The record refutes this assertion. The state court record filed in this Court consists of some 1645 pages contained in the eight-volume trial record, and Supreme Court filings contained in Volumes 9-11 which consist, respectively, of briefs, pleadings and correspondence, and miscellaneous pleadings.[8] The record shows that the Supreme Court had the entire eight-volume trial record sent to Rowsey in February 2015 and granted him additional time to file his appellate pleadings. [10, pp. 100, 109-110] Rowsey has identified no constitutional right implicated in Ground Two and the undersigned can discern none. In any event, the record plainly demonstrates the lack of any factual basis for a claim regarding access to the record. Absent a showing by petitioner that he has been deprived of a

---

8 Most of these documents were authored and filed *pro se* by Rowsey, including at least 46 of the 100 pages in Volume 9, approximately two-thirds of the 361 pages in Volume 10, and 49 of the 53 pages in Volume 11.

right secured to him by the Constitution or laws of the United States, habeas relief is unavailable to him in this Court. *Irving v. Thigpen*, 732 F.2d 1215 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983).

The undersigned is likewise unable to ascertain what constitutional claim Rowsey raises in his Ground Three complaint that, "Courts have picked and choosed (*sic*); twisted and demean (*sic*); unfairly, Rowsey's legitimate issues into whatever suits them to abuse Rowsey and his submissions." As supporting facts on this Ground, Rowsey states:

> From trial court to all these appeals…to simply ignore the issues is a commonplace practice. Also to twist and demean issues in order to give their misapplication of violations to Rowsey by commission and/or omission. They render their hasty derogatory/belittling decisions/evaluations of Rowsey's submissions. -May the Almighty God look on this and choose between Rowsey and these authorities-- strike the unrighteous/unjust <u>dead</u>; sending them to eternal damnation. And raise up the abused to comfort and glory, this life and the next.

[1, p. 8] "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982) (citations omitted); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). To the extent that Rowsey is urging his case had to be first heard by the Mississippi Court of Appeals, the undersigned finds such an issue would rest on state law rather than a right protected by the U.S. Constitution or federal law, and would therefore provide no basis for federal habeas relief. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas relief since no constitutional question is involved). Furthermore, Mississippi law does not limit the state supreme court's jurisdiction to cases previously heard by the court of appeals. Instead, the "jurisdiction of the Court of Appeals is limited to those matters … assigned to it by the Supreme Court." Miss. Code Ann. § 9-4-3. That the Supreme Court did not assign Rowsey's case to the Court of Appeals provides no basis for habeas relief. Ground Three is without merit.

In Ground Four, Rowsey challenges the trial evidence of the severity of Santee's injuries resulting from Rowsey's assault stating:

> The 'victim' is reported as having minor injuries, air-ways clear – no serious condition. Suddenly 'victim' is nearly dead!   Could expert testimony by felon prison doctor be false?

A trial court's evidentiary rulings are matters of state law which provide no basis for federal habeas relief and mere errors of state law do not constitute a denial of due process.  *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982); *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). This Court does not function "as a 'super' state supreme court on a habeas corpus proceeding to review errors under state law;" its role is more limited than that of the state appellate court. *Id.*; *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).   Federal courts have no supervisory power over state judicial proceedings, and federal habeas relief is warranted only when a conviction has been obtained in violation of some constitutionally protected right.  *Smith v. Phillips*, 455 U.S. 209, 221 (1982).   If Rowsey's argument is that his conviction is against the weight of the evidence, it provides no basis for habeas relief in this Court.  *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986).   If he contests the sufficiency of the evidence, this Court may grant relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).   In light of the evidence in this case, including the trial testimony of the victim Santee, the eyewitness Officer Anderson and Rowsey himself, the undersigned can make no such finding in this case.

## **RECOMMENDATION**

The undersigned finds federal habeas relief is not warranted under any of the grounds asserted by Rowsey, and recommends that his petition for habeas corpus be denied.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. The opposing party must file responses to objections within seven days after service or notify the District Judge that he does not intend to respond. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 14th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE