IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES ROBERT ROWSEY, #34459**  **PETITIONER**

v.  CIVIL NO. 1:16cv302-HSO-RHW

**EARNEST LEE**  **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OVERRULING
PETITIONER'S OBJECTIONS [25], [32]; ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [24]; AND DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner James Robert Rowsey's Objections [25],[1] [32] to the Report and Recommendation [24] of United States Magistrate Judge Robert H. Walker, which recommended dismissal of Petitioner's 28 U.S.C. § 2254 Petition for habeas corpus relief. After thoroughly reviewing Petitioner's Objections [25], [32], the Magistrate Judge's Report and Recommendation [24], the record as a whole, and relevant legal authority, the Court concludes that Petitioner's Objections should be overruled and that the Magistrate Judge's Report and Recommendation [24] should be adopted as the finding of the

---

[1] Petitioner labeled this document [25] a Notice of Appeal, and it was docketed as such. The United States Court of Appeals for the Fifth Circuit subsequently dismissed the appeal for want of jurisdiction, on grounds that the report of a magistrate judge is not a final order. *See* Order [31] at 1-2. Because Petitioner is proceeding pro se, the Court has reviewed and liberally construed the Notice of Appeal [25] and will consider it as an Objection to the Magistrate Judge's Report and Recommendation [24]. Petitioner has also filed a document called "Presenting an Early Issue to the Trial Court Regarding the Indifferent Nature of the Trial Court" with attached exhibits, which the Clerk of Court has filed as a Notice [32]. Out of an abundance of caution, the Court will also consider Petitioner's assertions in that filing [32] as an additional Objection.

Court. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should be dismissed.

## I. BACKGROUND

A. State court proceedings

Petitioner James Robert Rowsey ("Petitioner" or "Rowsey") is serving a life sentence in the custody of the Mississippi Department of Corrections ("MDOC") for a 1995 conviction for murder. On or about January 28, 2010, while he was incarcerated at the South Mississippi Correctional Institution ("SMCI"), Rowsey poured hot water on the face and head of a fellow inmate, severely burning him. On February 22, 2011, a state court grand jury in Greene County, Mississippi, returned an Indictment charging Petitioner with aggravated assault. *See* R. [21-1] at 18 (Indictment).

On May 17, 2011, an attorney was appointed to defend Rowsey in the aggravated assault case. *See id.* at 47. The same day, Rowsey and his attorney signed a Waiver of Arraignment and agreed to a trial setting of August 8, 2011. *See id.* at 48. Also on or about May 17, 2011, Rowsey began sending letters to the Mississippi Bar complaining about his attorney's performance with respect to the Waiver of Arraignment he and his attorney had signed. *See id.* at 50-52, 53-53, 72-73. Rowsey's attorney moved to withdraw on June 6, 2011, due to the proceedings initiated against her with the Mississippi Bar and the resulting "irreparable breakdown in the attorney-client relationship." *Id.* at 60. The state court granted the motion to withdraw on June 22, 2011, and appointed Rowsey new counsel. *Id.*

at 88.

For a variety of reasons, Rowsey's trial was continued multiple times. *See, e.g.,* R. [12-1] at 89; R. [12-2] at 5, 137; R. [12-3] at 100, 120; R. [12-4] at 67, 76, 82; R. [12-5] at 75, 107. Rowsey was ultimately tried by a jury in February 2014 and convicted of aggravated assault. *See* R. [12-6] at 57 (jury verdict). On or about February 25, 2014, Rowsey was sentenced to serve ten years in the custody of the MDOC, to run consecutively to the sentence he was already serving. *Id.* at 81. Rowsey appealed. *See id.* at 117.

An attorney from the Indigent Appeals Division of the Office of the State Public Defender was appointed to represent Rowsey for purposes of post-trial proceedings and the appeal. *See id.* at 140. On December 3, 2015, the Mississippi Supreme Court affirmed Rowsey's conviction and sentence, *see* R. [12-10] at 33-68; *Rowsey v. State*, 188 So. 3d 486 (Miss. 2015), and his motion for rehearing was denied, *see* R. [12-10] at 2, 13.

On or about March 31, 2016, Rowsey filed an Application to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court, *see* R. [12-11] at 2, stating the following issues for consideration: (1) alleged procedural violations committed by the trial court, including purported lack of initial appearance and failure to have a timely arraignment; (2) purported abandonment of Petitioner by his court-appointed attorney when Petitioner attempted to bring up matters on his own and was told by the judge to "have your lawyer do that"; (3) the granting by the trial court of continuances purportedly in

violation of Rowsey's speedy trial rights under Mississippi Code § 99-15-29; (4) alleged ineffective assistance of trial counsel; and (5) Petitioner allegedly receiving an improper sentence that should not be mandatory. *See id.* at 6-7. Rowsey also filed Motions for Full Docket of his criminal proceeding and to Keep All Legal Work and Materials in Rowsey's Personal Possession. *See id.* at 5-6. The Mississippi Supreme Court denied Petitioner's Application and Motions on June 8, 2016, finding that his "claims are either waived, barred by the doctrine of res judicata, or fail to present a substantial showing of the denial of a state or federal right." R. [15-2] at 1.

On or about August 18, 2016,[2] Rowsey filed in the Mississippi Supreme Court another Application for Leave to Proceed in the Trial Court, again seeking post-conviction relief, *see* R. [12-11] at 18-52, which the Mississippi Supreme Court denied on October 12, 2016, *see* R. [15-3] at 1-2. The claims Rowsey sought to raise included (1) whether he was provided a meaningful direct appeal in the absence of a review by the Mississippi Court of Appeals;[3] (2) whether he was denied pretrial due process and a speedy trial; and (3) whether he was prejudiced because he was purportedly unable to obtain his stored legal documents. R. [12-11] at 25-43.

The Mississippi Supreme Court determined that Rowsey's claims that he was

---

[2] This second Application filed in state court was actually filed after the present habeas Petition [1] was docketed by the Clerk of Court in this case on August 15, 2016.
[3] Rowsey states that he was "assured upon conviction the Court of Appeals of the State of Mississippi would've made a decision on his Direct Appeal. However, the Court of Appeals was somehow bypassed and the Supreme Court decided the merits of his Appellate Brief from the conviction and sentence brought on 25 February 2014." R. [12-11] at 21. According to Rowsey, "[o]ne can infer that [he] never had a Direct Appeal." *Id.*

4

denied due process, equal protection, and a meaningful appeal without first allowing the Mississippi Court of Appeals to review the case were barred as successive and thus waived. *See* R. [15-3] at 1. Rowsey's pretrial due process and speedy-trial violation claims were "barred based on one or more of the following: successive writ, waiver, and res judicata." *Id.* The Court found that, even if an exception applied, "the claims lack any arguable basis to warrant waiving those bars." *Id.* at 2. As for the third claim, the Mississippi Supreme Court held it was "not one for post-conviction relief," *id.*, and denied Petitioner's Application and issued a sanction warning, *see id.*

B. Section 2254 Petition

On August 15, 2016, Rowsey filed the present Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court,[4] challenging his February 25, 2014, state conviction and sentence for aggravated assault. *See* Pet. [1] at 1. Petitioner advances the following four grounds for relief:

> **GROUND ONE**: Procedural due process rights were grossly violated by the trial court, including speedy trial. – 16 May 2011: Questioned by Judge in open court before appointing counsel, on 5/16/11 . . . . Transcripts begin.
> . . .
> **GROUND TWO**: Grossly incomplete records and transcripts – These were sent to Rowsey by Miss. Supreme Court for Supplemental Brief – Records wrong/cover letter only; <u>transcripts begin 2/21/12</u>.
> . . .
> **GROUND THREE**: Courts have picked and choosed; twisted and demean; <u>unfairly</u>, Rowsey's legitimate issues into whatever suits them to abuse Rowsey and his submissions.
> . . .
> **GROUND FOUR**: The "victim" is reported as having minor injuries,

---
[4] Rowsey executed the Petition on July 26, 2016, *see* Pet. [1] at 18, and it was filed of record by the Clerk of Court on August 15, 2016, *id.* at 1.

> air-ways clear—no serious condition.  Suddenly "victim" is nearly dead!  Could expert testimony by felon prison doctor be false?

*Id.* at 5-10 (emphasis in original) [sic].

In paragraph 13 of the Petition [1], Rowsey represented that all grounds for relief raised in the Petition had been presented to the Mississippi Supreme Court. *Id.* at 12. Respondent Earnest Lee ("Respondent") has filed an Answer [15] in response to the Petition and states that the issues presented in this Petition were reviewed by the Mississippi Supreme Court and were found to have no merit. *See* Ans. [15] at 5. According to Respondent, because these issues were considered on the merits, habeas relief should be denied as to these claims. *See id.* (citing 28 U.S.C. §§ 2254(d), (e)(1)). Respondent asks the Court to dismiss the Petition with prejudice and to deny a Certificate of Appealability. *See id.* at 23.

C. <u>Magistrate Judge's Report and Recommendation [24]</u>

On June 14, 2019, the Magistrate Judge entered a Report and Recommendation [24], finding that federal habeas relief is not warranted and recommending that the Petition be dismissed. R. & R. [24] at 12. As for Ground One of the Petition, the Magistrate Judge recognized that Rowsey's primary complaint before this Court is that he was denied a speedy trial. The Magistrate Judge reviewed and considered the extensive timeline in Rowsey's criminal proceeding and noted that the vast majority of the continuances were by agreement of the parties. *Id.* at 7-8. The Magistrate Judge determined that the state court's decision that there was no violation of Rowsey's constitutional right to a speedy trial was not contrary to clearly established federal law, nor did it involve an

6

unreasonable application of clearly established federal law. *Id.* at 10. Habeas relief was not warranted under the first ground. *Id.*

As for the second ground, regarding Rowsey's complaints that he did not have access to the records and transcripts needed to prepare his appellate filings, the Magistrate Judge found that the record plainly refuted Rowsey's assertion and Rowsey had not shown he was deprived of a right secured him by the Constitution or laws of the United States. *Id.* at 10-11. In Ground Three, the Magistrate Judge was "unable to ascertain what constitutional claim Rowsey raise[d] . . . ." *Id.* at 11. The Magistrate Judge noted that mere conclusory statements were insufficient and that to the extent Rowsey argues his case should have first been heard by the Mississippi Court of Appeals, such a right would rest on state law rather than federal law. *Id.* The Magistrate Judge found Ground Three to be without merit.

As for the Petition's final ground, challenging the trial evidence regarding the extent of the victim's injuries, the Magistrate Judge noted that federal district courts do not act as a "super" state supreme court and concluded that the trial court's evidentiary rulings were matters of state law that afforded no basis for federal habeas relief. *Id.* at 12. As the Magistrate Judge recognized, this Court can only grant habeas relief on a claim related to sufficiency of the evidence at trial if no rational trier of fact could have found Rowsey guilty beyond a reasonable doubt. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). In light of the evidence adduced at trial in Rowsey's criminal case, the Magistrate Judge

7

concluded that he could make no such finding, rendering habeas relief unavailable. *Id.*

D. Petitioner's Objections [25], [32]

In his Objections, Rowsey complains that an Agreed Order of Continuance in the trial court criminal case was not signed by him or his counsel before he filed a motion to dismiss for failure to provide a speedy trial, and that he did not have a timely initial appearance or arraignment. *See* Obj. [25-1] at 2-3. According to Rowsey, he was not allowed to speak in court as co-counsel with his appointed defense counsel and his legal manuals and court rules are in the prison's legal storage and not readily available, *id.* at 3, 12-13, his appointed attorney in the trial court "put the mental competency hearing on Rowsey defense," when "it's the trial court's responsibility" to do so, *id.* at 4, and his former appointed counsel violated Rule 1.13 of the Uniform Civil Rules of Circuit and County Court Practice by failing to notify or serve Rowsey with the motion to withdraw as counsel, *id.* at 12. Rowsey also posits that the State of Mississippi has no official boundary lines such that the State had no jurisdiction over Rowsey's original 1995 murder case or his 2014 aggravated assault case, such that those convictions should be nullified. He further argues that the assault victim's injuries were not as severe as the State represented. *Id.* at 4-6, 12-13.

In a more recent filing [32], which the Court also construes as an Objection, Rowsey complains that there is no transcript of a May 16, 2011, arraignment where he was purportedly threatened by his appointed counsel into signing a Waiver of

8

Arraignment. Obj. [32] at 1. According to Rowsey, he directed his attorney not to waive arraignment because that would void half of his then-pending Motion for Dismissal, which he had apparently filed pro se. When counsel nevertheless waived arraignment, Rowsey filed the Bar complaint. *Id.* at 2. According to Rowsey, "[t]he practitioners of the trial court bullied [him] throughout the unreasonably long ordeal of this trial court." *Id.* Rowsey also complains that the trial court did not enter an order for a mental competency exam until after the date set for the initial trial. *Id.* Finally, Rowsey reurges his position that Mississippi has had no boundary lines since December 19, 1990, and thus had no jurisdiction, "which voids Rowsey's initial conviction AND this second totally unreasonable conviction." *Id.*

## II. DISCUSSION

### A. Standard of review

Because Rowsey has filed written Objections [25], [32] to the Magistrate Judge's Report and Recommendation [24], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). In conducting a de novo review, however, the Court is not "required to reiterate the findings and

conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B. <u>Relevant legal authority</u>

28 U.S.C. § 2254 provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e)(1). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication[,] or state-law procedural principles[,] to the contrary." *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir.), *cert. denied*, 139 S. Ct. 573 (2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)).

28 U.S.C. § 2254 "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases" and "respects the

10

authority and ability of state courts and their dedication to the protection of constitutional rights." *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019). The standard is "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotation omitted).

When a claim involves mixed questions of law and fact, § 2254(d)(1) applies, rather than § 2254(d)(2). *See Floyd*, 894 F.3d at 161. Under § 2254(d)(1), a state court's adjudication of a claim results in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, when it "reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or . . . it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Id.* (quotation omitted). "[A]n unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods*, 135 S. Ct. at 1376 (quotations omitted).

C. Analysis

Having conducted a de novo review of the record, and for the reasons that follow, the Court agrees with the conclusions reached by the Magistrate Judge. The Court will overrule Rowsey's Objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss Rowsey's Petition.

1. Ground One

As for Rowsey's speedy trial objections raised in Ground One of the Petition and in his Objections, the Sixth Amendment guarantees an accused the right to a

11

speedy trial. U.S. Const. amend. VI. In determining whether this right has been violated, the United States Supreme Court has set forth a balancing test that incorporates the following four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Boyer v. Vannoy*, 863 F.3d 428, 442 (5th Cir. 2017), *cert. denied*, 139 S. Ct. 54 (2018).[5]

In Rowsey's criminal case, while the Mississippi Supreme Court recognized that the trial court had not held an adequate hearing on the issue, it determined that the record revealed that good cause existed for the delay between Rowsey's indictment and trial, such that it was not necessary to remand to the trial court for a speedy trial analysis. *Rowsey*, 188 So. 3d at 493-94. The Mississippi Supreme Court identified the *Barker* test as the framework for analyzing Rowsey's speedy trial claim and held that "a fair analysis of the *Barker* factors establishes that Rowsey's constitutional right to a speedy trial was not violated." *Id.* at 496.

"[B]ecause the state appellate court properly identified the *Barker* test as the framework for analyzing [Rowsey's] speedy trial claim, AEDPA limits [the Court's]

---

[5] In Rowsey's March 31, 2016, Application to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court, he alleged as one ground for relief that the trial court's grant of continuances violated his speedy trial rights under Mississippi Code § 99-15-29. R. [12-11] at 7. In his Objections, Rowsey cites the Mississippi Uniform Civil Rules of Circuit and County Court Practice, Mississippi state case law, and the Mississippi Constitution. *See, e.g.,* Obj. [25-1] at 2-4. To the extent Rowsey contends in his § 2254 Petition that any delay violated his right to a speedy trial under Mississippi law, this claim is not cognizable, as the Supreme Court has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). According to the Supreme Court, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

12

focus to the objective reasonableness of the result of the state court's balancing of the *Barker* factors under the facts in [Rowsey's] case." *Boyer*, 863 F.3d at 442. In order to evaluate the reasonableness of the state court's decision, the Court must conduct a limited review of the Mississippi Supreme Court's analysis of the *Barker* factors. *Id.*

Turning to the first factor, the length of delay, the Mississippi Supreme Court found that the 1,099 days that had elapsed between Rowsey's indictment and trial was "presumptively prejudicial." *Rowsey*, 188 So. 3d at 495. This was the only of the four factors that weighed in favor of finding a violation of Rowsey's constitutional right to a speedy trial. With respect to the second factor, the Mississippi Supreme Court concluded that "the lion's share of the delay in Rowsey's trial was attributable to Rowsey's unwarranted harassment of his original trial counsel and the substantial amount of time it took to schedule a mental evaluation to prepare Rowsey's defense." *Id.*

As for the third *Barker* factor, the defendant's assertion of his speedy trial right, the Court noted that while Rowsey invoked his speedy trial rights by filing *pro se* motions to dismiss the indictment, "he simultaneously was seeking continuances to accommodate his mental evaluation." *Id.* The Court therefore concluded that it could not be argued that "Rowsey manifested the 'desire to be tried promptly.'" *Id.* at 496 (quoting *Franklin v. State*, 136 So. 3d 1021, 1035 (Miss. 2014)). As to the fourth and final factor, prejudice to the defendant, the Mississippi Supreme Court stated that because Rowsey was already serving a life

13

sentence for murder, his pretrial incarceration was not related to his aggravated assault charge and thus it could not be established that Rowsey was actually prejudiced by the delay. *Id.*

In considering Rowsey's habeas petition, the question is whether the state court unreasonably concluded that the balance of all four *Barker* factors failed to establish a violation of the speedy trial right. *See Boyer*, 863 F.3d at 443. The Magistrate Judge recognized that Rowsey's primary complaint before this Court is that he was denied a speedy trial. The Magistrate Judge considered the timeline in Rowsey's state criminal proceeding, and noted that the vast majority of the continuances were by agreement of the parties. R. & R. at 7-8. The Magistrate Judge determined that the state court's decision that there was no violation of Rowsey's constitutional right to a speedy trial was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. *Id.* at 10.

Having independently reviewed the record in light of all four *Barker* factors, the Court agrees with the Magistrate Judge's finding that the Mississippi Supreme Court's conclusion was not unreasonable. *See* R. & R. [24] at 10. While Rowsey argues in his Objections that an Agreed Order of Continuance in the trial court criminal case was not signed by him or his counsel, his attorney did sign at least five of the orders of continuance, *see, e.g.,* R. [12-2] at 5 (November 28, 2011); R. [12-2] at 137 (May 14, 2012); R. [12-4] at 67 (February 11, 2013); R. [12-4] at 82 (June 27, 2013); R. [12-5] at 107 (November 12, 2013), while other orders for continuances

14

were represented to be agreed orders, even if not signed by defense counsel, and presented valid reasons for the continuances.[6]

The Court cannot say that the Mississippi Supreme Court's conclusion was objectively unreasonable. *See Boyer*, 863 F.3d at 443. Nor was the state court's decision based on an unreasonable determination of the facts. Rowsey cannot obtain habeas relief on this ground.

2. Ground Two

Rowsey complains that he did not have access to the records and transcripts needed to prepare his supplemental brief before the Mississippi Supreme Court. The Magistrate Judge found that the record plainly refuted this assertion, and that Rowsey had not shown he was deprived of a right secured him by the Constitution or laws of the United States. R. & R. [24] at 10-11. The Court agrees.

During his appeal, Rowsey was represented by counsel, who filed an appellant's brief on Rowsey's behalf, *see* R. [12-9] at 55-69, with relevant record excerpts, *see id.* at 70-87. Rowsey filed a pro se supplemental brief pursuant to Mississippi Rule of Appellate Procedure 28(b), arguing in part that "the records and transcripts sent were a wreck," as they were allegedly missing portions and

---

[6] *See, e.g.,* R. [12-1] at 89 (August 8, 2011, Agreed Order of Continuance continuing trial until "September 29, 2011/November 28, 2011," because "additional time needed/Defendant not transported"); R. [12-3] at 100 (August 27, 2012, Agreed Order of Continuance continuing trial until November 19, 2012, because "Defendant's attorney not available"); R. [12-3] at 120 (November 19, 2012, Agreed Order of Continuance continuing trial until February 11, 2013, because "additional time needed"); R. [12-4] at 76 (May 28, 2013, Agreed Order of Continuance continuing trial until August 19, 2013, because "additional time needed" and listing counsel for Rowsey as "not available"); R. [12-5] at 75 (August 19, 2013, Agreed Order of Continuance continuing trial until November 12, 2013, because "mental evaluation was just completed last week").

15

contained a filing from a separate case. *See id.* at 29-53. The Mississippi Supreme Court considered this argument and held that Rowsey had not articulated a legal theory that would support relief. *Rowsey*, 188 So. 3d at 500.

Having conducted an independent review of the record, the Court finds no indication that Rowsey's counsel did not have access to any of the state-court record and trial transcripts for his appeal. *See, e.g., Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973) ("If a defendant is represented by counsel on appeal who has access to the trial transcript on file in the clerk's office, there is no constitutional requirement that the defendant be provided with physical custody of a copy of the transcript.") (quotation omitted). Nor has Rowsey demonstrated a need for the state-court record or trial transcript to support his claims before the Mississippi Supreme Court, or that he suffered any prejudice due to any errors in the record. Every indication is that Rowsey was given an adequate opportunity to fairly present his claims on appeal, and he has not shown that he was deprived of any right secured him by the Constitution or laws of the United States.

3. Ground Three

Rowsey generally complains of the conduct of unspecified courts. Pet. [1] at 8. Like the Magistrate Judge, the Court is "unable to ascertain what constitutional claim Rowsey raise[d]." R. & R. [24] at 11. His conclusory assertions do not warrant federal habeas corpus relief. *See, e.g., Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). To the extent Rowsey maintains that his state-court criminal

16

appeal should have first been heard by the Mississippi Court of Appeals, rather than by the Mississippi Supreme Court,[7] that is a question of state law.[8] In sum, the Court agrees with the Magistrate Judge's determination that Rowsey has not demonstrated that he was deprived of any right secured him by the Constitution or the laws of the United States, or that he is entitled to habeas relief on this basis.

4. Ground Four

Turning to the final ground advanced in the Petition, Rowsey challenges the trial evidence regarding the extent of the victim's injuries. The Magistrate Judge noted that federal district courts do not act as "super" state supreme courts and concluded that the trial court's evidentiary rulings were matters of state law that afforded no basis for federal habeas relief. R. & R. [24] at 12. The Magistrate Judge recognized that this Court can only grant habeas relief on a claim related to sufficiency of the evidence at trial if no rational trier of fact could have found Rowsey guilty beyond a reasonable doubt. *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). In light of the evidence adduced in Rowsey's criminal case, the Magistrate Judge could make no such finding, rendering habeas relief unavailable.

---

[7] *See* Pet. [1] at 1 ("Deficiency Note Concerning Improper Court Procedure: The Mississippi Court of Appeals has never ruled and/or decided the merits of Rowsey's Direct Appeal. These seem to be a play to place Rowsey under procedural bar of the AEODPA [sic] by the state. COA is to be first. Then SCT afterwards."). Rowsey references the AEDPA statute, but he seems to confuse the requirement of a certificate of appealability (known as a "COA") with the need for a state-court court of appeals (sometimes also referred to by abbreviation of "COA") to hear his direct appeal. *See id.*

[8] According to Mississippi Code § 9-4-3(1), the Mississippi Court of Appeals "shall have the power to determine or otherwise dispose of any appeal or other proceeding assigned to it by the Supreme Court." Miss. Code. Ann. § 9-4-3(1). However, "[t]he jurisdiction of the Court of Appeals is limited to those matters which have been assigned to it by the Supreme Court." *Id.*; *see also* Miss. R. App. P. 16(a).

17

*Id.*

The Court agrees with the Magistrate Judge's findings and conclusions on this point.[9] Rowsey is entitled to habeas corpus relief on a sufficiency-of-the-evidence claim only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson,* 443 U.S. at 324.

Rowsey was convicted of aggravated assault for throwing scalding water on a fellow inmate. At the time Rowsey poured the water onto the victim, and at the time Rowsey was indicted, Mississippi law provided that, "[a] person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . ." Miss. Code § 97-3-7(2)(a) (2010).[10] A review of the record in the light most favorable to the prosecution demonstrates that a rational factfinder could readily have found Rowsey guilty beyond a reasonable doubt of aggravated assault under Mississippi law. Rowsey is not entitled to habeas corpus relief on this ground.

---

[9] Rowsey does not appear to contend that there was insufficient evidence to convict him of the crime charged, only that the victim's injuries were not as severe as alleged at trial. *See* Pet. [1] at 1 (complaining of the victim reportedly suffering "minor injuries, air-ways clear – no serious condition," and then "[s]uddenly 'victim' is nearly dead! Could expert testimony by felon prison doctor be false?"). Out of an abundance of caution, the Court considers the claim as if Rowsey is challenging the sufficiency of the evidence to support a conviction.
[10] The statute was amended in 2019 to change the pronoun from "he" to "he or she," *see* 2019 Miss. Laws Ch. 341 (H.B. 1465), § 1, eff. July 1, 2019, but it has not been substantively amended since the conduct underlying Rowsey's habeas corpus Petition occurred.

18

5. <u>Mississippi's boundary lines</u>

In his Petition and again in his Objections, Rowsey claims that Mississippi does not have a legitimate state government and has had no boundary lines since December 19, 1990, such that the state court had no jurisdiction over the criminal cases against him. *See, e.g.,* Obj. [32] at 2; Pet. [1] at 13-14. Rowsey maintains that this voids his convictions. *See* Obj. [32] at 2.

Rowsey was indicted and convicted in the Circuit Court of Greene County, Mississippi, within the boundaries of the State of Mississippi. Rowsey's argument that the State had no boundaries at the time of his convictions, or is somehow not a legitimate state government, merits no further discussion.

In sum, Petitioner has not shown that the state court's rulings on his claims resulted in any decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Nor has Petitioner shown that the state court's rulings resulted in any decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Rowsey's Objections should be overruled, and the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be dismissed.

III. <u>CONCLUSION</u>

To the extent the Court has not addressed any of Rowsey's arguments, it has considered them and determined that they would not alter the result. Rowsey's Objections [25], [32], should be overruled, the Magistrate Judge's Report and

19

Recommendation [24] should be adopted as the finding of the Court, and Rowsey's Petition for Writ of Habeas Corpus should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner James Robert Rowsey's Objections [25], [32], to the Report and Recommendation [24] of United States Magistrate Judge Robert H. Walker are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [24] of United States Magistrate Judge Robert H. Walker entered in this case on June 14, 2019, is **ADOPTED** in its entirety as the finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner James Robert Rowsey is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of September, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE